Jin v. Holder

BIA
Vomacka, IJ
A089 905 846

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges.*
_____

SHOUCHANG JIN,
        *Petitioner,*

        v.                                    11-5264
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Kristofer R. McDonald, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shouchang Jin, a native and citizen of the People's Republic of China, seeks review of a November 21, 2011, decision of the BIA affirming the October 15, 2009, decision of Immigration Judge ("IJ") Alan Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shouchang Jin*, No. A089 905 846 (B.I.A. Nov. 21, 2011), *aff'g* No. A089 905 846 (Immig. Ct. N.Y. City Oct. 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications

2

such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

The agency found that Jin's testimony was incredible, in part, because his testimony that he was hospitalized after a severe beating for his practice of Falun Gong was omitted from both his asylum application and a letter from his parents. Jin contends that his failure to include his hospitalization in his asylum application was not a valid basis for finding him incredible. However, as Jin's claim that he was hospitalized after being beaten by Chinese police implicated the degree of alleged harm that he suffered, an essential element of his claim, *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011), his argument is misplaced because his omission was sufficiently dramatic to undermine his credibility, *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005). Contrary to Jin's

3

assertion, he was provided an opportunity to explain this omission during his hearing, and failed to provide a compelling explanation. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Jin's related argument that the agency applied an inappropriately stringent standard in finding him incredible lacks merit because this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. *Xiu Xia Lin*, 534 F.3d at 163-64 (finding *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), superseded by the REAL ID Act).

Jin further faults the agency for requiring additional corroboration and failing to credit photographs he submitted related to his Falun Gong practice. However, the agency permissibly required corroboration of Jin's hospitalization, *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam), and his contradictory testimony about his failure to corroborate that visit does not compel a contrary conclusion, *Majidi*, 430 F.3d at 80-81. Moreover, the agency permissibly declined to credit photographs allegedly showing Jin's Falun Gong activities in the United States, especially given his inability to provide testimony or a statement regarding that activity. *See Xiao Ji Chen* v. U.S. Dep't of Justice, 471 F.3d 315, 342 (2d Cir. 2006).

4

Accordingly, as the only evidence of a threat to Jin's life or freedom depended upon his credibility, the adverse credibility determination forecloses his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5